## CULVER *v.* UNITED STATES.

### CERTIORARI TO THE COURT OF CLAIMS.

No. 816.  Submitted April 12, 1926.—Decided May 24, 1926.

After issuance by the President of Army Regulation 1269½, an officer of flying status assigned to the War College, as a student, by order of the Secretary of War, was required by that regulation to participate regularly and frequently in aerial flights, and was therefore entitled to extra pay under § 13a of the Army Reorganization Act; but prior to the date of that regulation it was otherwise, since the officer, even though he took regular flights, was not required to do so, being relieved from the Air Service regulation in that regard by the order of the Secretary assigning him to the War College.

60 Ct. Cls. 825, reversed.

CERTIORARI to a judgment of the Court of Claims dismissing a petition for extra pay.

*Messrs. George A. King, William B. King,* and *George R. Shields* for petitioner.

*Solicitor General Mitchell* for the United States.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Plaintiff brought this action to recover increase of pay from August 15, 1921 to June 30, 1922, under the Army Reorganization Act of June 4, 1920, § 13a, c. 227, 41 Stat. 759, 768. The Court of Claims made findings of fact, held him not entitled to recover and dismissed the petition.

That section provided that officers and enlisted men of the Army should receive an increase of 50 per centum of their pay while on duty requiring them to participate regularly and frequently in aerial flights. Plaintiff was a Lieutenant Colonel in the Air Service, and was rated as an airplane pilot. For some time prior to August 15,

1921, he was assigned to duty which required him to participate regularly and frequently in aerial flights, and up to that date he received the increase of pay allowed for that service. August 9, 1921, the Secretary of War issued a special order that plaintiff be relieved " from his present assignment and duties " and that, on August 15, 1921, he report to the commandant, General Staff War College, for duty as a student officer. Plaintiff complied, and remained on duty as a student officer from that date to June 30, 1922. While there he performed a number of flights in each month, 131 in all.

Paragraph 1575 of the Army Regulations charges the Chief of Air Service, under direction of the Secretary of War, with command of the Air Service, both staff and line, and with its management, including the regulation of the duties of officers and others who may be employed under his direction, excepting such persons as may be specifically detached by the order of the Secretary of War. December 2, 1920, a circular letter was issued by the Chief of Air Service to the commanding officers of all air stations. It was there stated that he considered that any officer holding a flying rating was on duty which required his participation in regular and frequent flights no matter what the nature of that duty might be. December 31, 1921, after the controversy culminating in this suit arose, the President issued a regulation (Paragraph 1269½, Army Regulations) requiring all officers of the Air Service who are rated as pilots of airplanes or airships and on a duty status to participate regularly in aerial flights as pilots whenever flying facilities are available.

The United States concedes that, after the taking effect of that regulation, plaintiff was on a duty status requiring him to participate regularly and frequently in flights, and that he was entitled to have the increase of pay given by the Act of June 4, 1920.

It remains to be considered whether he was entitled to the increase of pay from August 15 to December 31, 1921. The findings sufficiently show that he actually took frequent and regular flights during that period; but there is no finding that he was required to do so. Paragraph 1575 of the Army Regulations expressly excepts from the command of the Chief of the Air Service such persons as may be specifically detached by order of the Secretary of War. The plaintiff was so detached by the order of August 9, 1921. It follows that the circular letter of December 2, 1920, did not apply to him while on duty as a student officer at the General Staff War College. During that time he was not subject to the orders or regulations of the Chief of the Air Service; and undoubtedly that was the reason the President made the regulation of December 31, 1921.

The facts found are not sufficient to show that plaintiff was on duty requiring him to participate in the flights which he actually took prior to that regulation. It does not appear that he would have been subject to military discipline if he had not taken the flights. In the absence of such finding he is not entitled to recover increase of pay for that period. But the regulation of December 31, 1921, did require him to take such flights, and—as conceded by the United States—he is entitled to recover such increase for the period between that date and June 30, 1922.

*Judgment reversed.*

Reporter's Note.—In the foregoing case the Solicitor General conceded that there was substantial reason for the view that the judgment below was erroneous, and did not oppose the issuance of the certiorari.